Francisco Pons, Petitioners, *v.* Tax Court of Puerto Rico, Respondent; Rafael A. Buscaglia, Treasurer of Puerto Rico, Intervener.

No. 80.   Argued April 29, 1946.—Decided July 24, 1946.

494

*Manuel García Cabrera* and *Edgar S. Belaval* for petitioner. *E. Campos del Toro, Attorney General (Luis Negrón Fernández, Acting Attorney General,* on the brief), and *Carlos Santana Becerra, Assistant Attorney General,* for intervener, respondent in the main proceeding.

MR. JUSTICE CÓRDOVA delivered the opinion of the court.

The petitioner entered into a building contract with the Municipality of Ponce and paid the corresponding excise tax on the amount of the contract. He imported several shipments of cement from 1937 to 1941, which he used in the work and did not pay the excise tax imposed by law on the sale or introduction for use or consumption of cement. Subsequently, upon demand by the Treasurer he paid under protest the excise on the cement with surcharges and interest thereon, and filed with the Tax Court a timely claim for the recovery of the sum so paid. That tribunal, relying on *P. R. Iron Works, Inc.* v. *Buscaglia,* 62 P.R.R. 839, held that the collection of the excise tax on the cement was proper, but that as it had been the administrative practice not to collect the excise tax upon materials used in the execution of works contracted with government agencies, the imposition of surcharges or interest was improper except from the date on which the Treasurer demanded the payment of the excise tax, as was held in *Puerto Rico Ilustrado* v. *Buscaglia, Treas.,* 64 P.R.R. 870, and *West India Oil Co.* v. *Buscaglia, Treas.,* 61 P.R.R. 755.

We issued certiorari to review the decision of the Tax Court at the instance of the taxpayer, who contends that the excise tax on the cement it not payable because (1) it constitutes an ilegal double taxation, and (2) the construction of the statute being doubtful, the administrative practice of not collecting the excise tax should control in construing the statute.

■■ There is nothing illegal in the levy of two excises upon the same taxable event by the same government. But ordinarily, it is not to be presumed that such was the legislative intent. Construing our Internal Revenue Act, we have held it has not been the legislative intent to levy two excise taxes upon the sale of materials to government agencies, and that, therefore, once the excise tax on sales under contracts with the government has been paid, the excise burdening sales in general, or introduction for sale, is not collectible. *Rossi* v. *Sancho Bonet, Treas.*, 53 P.R.R. 467; *Casal* v. *Sancho Bonet, Treas.*, 53 P.R.R. 386; *West India Oil Co.* v. *Domenech, Treas.*, 49 P.R.R. 783. But we have also held that when a contract with the government is not limited to the sale of materials but comprises the execution of a project, and therefore includes in its price labor and payment to the contractor for his services in directing it and assuming its risks, as well as the value of the materials, the excise on the amount of the contract as well as the excise on the introduction of the materials for sale, use or consumption are both payable, since the two taxes do not fall on the same taxable event. *P. R. Iron Works, Inc.* v. *Buscaglia, supra.*

■ It is evident, therefore, that, under the construction which we have already given to the Act, which in our judgment is correct, the petitioner was obligated to pay the excise tax on the cement, which he now seeks to recover. But the petitioner insists, as he insisted before the Tax Court, that the Treasurer having formally interpreted the statute in the sense that no excise tax was payable on the sale or introduction for sale, use or consumption of materials for the execution of works for government agencies, the interpretation thus given by the Treasurer should stand.

The evidence of the petitioner before the Tax Court clearly established the existence of the administrative practice which he invoked, and the court so recognized. That evidence consisted of the testimony of petitioner and of a copy of order No. 15 of the Treasurer by which the administrative practice

already established was formally set forth. Counsel for the Treasurer contends that Order No. 15 comprises only cases of sale of materials to the government. This is not so. It expressly includes the case of materials used in works executed through contracts, when it provides:

"The sales to the insular or municipal governments and to contractors who execute works for said governments through contracts on the amount of which the tax of 2 per cent provided by subdivisions 5 'Other excise taxes,' of the Income Tax Act should have been paid, are not subject to any other tax."

\*    \*    \*    \*    \*    \*    \*

". . . When materials acquired for a construction work are involved the inspector in charge of the same shall issue the corresponding certificate, setting forth that the acquired materials were used in the work under a contract, on the amount of which the corresponding excise tax has been paid."

The administrative interpretation of a statute has weight only when the statute is ambiguous or doubtful. *United States* v. *Missouri Pacific Railroad Co.*, 278 U.S. 269, 73 L. ed. 322. In the case at bar it has not been suggested that the statute is ambiguous or doubtful. The administrative interpretation arose as a result of our decisions in the cases of *West India Oil Co.* v. *Domenech, Treas; Casal* v. *Sancho Bonet, Treas.*, and *Rossi* v. *Sancho Bonet, Treas., supra.* From an examination of those cases it can be seen, that the administrative practice had been to collect the sales tax as well as the tax on the amount of the contracts entered into with the government, whether contracts of sale or building contracts were involved. The practice was changed as a result of our decisions to the effect that once the excise tax on a contract of sale to the government was paid, the general sales tax was not collectible. But instead of limiting the change to what we had decided, the Treasurer went further and modified his practice as to materials used in the execution of works for the government. Neither the statute nor our decisions leave room for doubt as to this point, and therefore

the administrative practice can not be given the weight the petitioner suggests, as this would be tantamount to amending the Act.

■ The petitioner complains, finally, that the Tax Court instead of ordering the refund of the total amount of the surcharges and interest, ordered the return of only a portion of the surcharges or interest, that is, that part which corresponds to the period during which the administrative practice of not collecting the excise taxes prevailed. In so acting the respondent tribunal followed our decision in *West India Oil Co.* v. *Buscaglia, Treas.,* and *Puerto Rico Ilustrado* v. *Buscaglia, Treas., supra.* But the petitioner argues that, since he has claimed in his complaint the refund of all the surcharges and interest and the Treasurer has not alleged in his answer that the refund of a part thereof was improper, the Tax Court had no basis to decree the return of only part of the surcharges and interest. But the Treasurer in challenging the refund of all the surcharges and interest also challenged the return of any part thereof. The Tax Court, therefore, did not err when, after concluding that only part of the surcharges and interest were properly refundable, it directed the Treasurer to compute surcharges and interest from the date on which the petitioner was asked to pay the excise taxes.

■ The Treasurer has filed a motion setting forth that when certiorari was issued in this case, there was pending before the Tax Court a motion filed by the Treasurer requesting a reconsideration of that part of the judgment which found that there had been an administrative practice contrary to the collection of the excise tax on the cement. The Treasurer asks us to remand the case to the Tax Court in order that his motion for reconsideration may be decided. But as we have seen, petitioner's evidence fully showed the existence of the administrative practice and the Treasurer did not introduce evidence to the contrary.

The motion for reconsideration is therefore without merit, for which reason, the motion of the Treasurer to remand the case to the Tax Court is denied.

For the reason stated the decision under review should be affirmed.

Mr. Justice De Jesús did not participate herein.